**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **CRIMINAL NO. 24-682** |
| | § | |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| **CHRISTOPHER SCANLON.** | § | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S**
**MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

68045/0001-48715994

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   PRELIMINARY STATEMENT ........................................................................2

II.    FACTS .......................................................................................................5

III.  AUTHORITIES................................................................................................10

IV.  ARGUMENT....................................................................................................11

   A.    This Matter does not Merit Complex Case Designation Under 18 U.S.C. § 3161(h)(8)(B)(ii)..............................................................................................13

   B.    This Matter does not Merit an "Ends of Justice" Continuance Under 18 U.S.C. § 3161(h)(8)(B)(iv). .................................................................................21

   C.    Scanlon's Proposed Order Should be Entered Because Complies with the Court's Standing Order and Speedy Trial Act Requirements. ............................22

V.    CONCLUSION ..............................................................................................24

68045/0001-48715994

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Betterman v. Montana*,
  578 U.S. 437 (2016)................................................................4

*Doggett v. United States*,
  505 U.S. 647 (1992)................................................................4

*United States v. Brenna*,
  878 F.2d 117 (3d Cir. 1989) ...............................................21

*United States v. Brooks*,
  697 F.2d 517 (3d Cir. 1982) ............................13, 14, 15, 17

*United States v. Fields*,
  39 F.3d 439 (3d Cir. 1994) .................................................13

*United States v. Goettsche, et al*
  (19-cr-877) ................................................................*passim*

*United States v. Lattany*,
  982 F.2d 866 (3d Cir. 1992) ...............................13, 18, 20

*United States v. MacDonald*,
  456 U.S. 1 (1982)..................................................................4

*United States v. Reddick*,
  No. CRIM. 09-MJ-2001 JS, 2010 WL 5253527 (D.N.J. Dec. 17,
  2010) (Schneider, Mag. J.)..................................14, 15, 17

**Statutes**

18 U.S.C. 1960........................................................................8

18 U.S.C. 1960 (b)(1)(B) ....................................................8, 15

18 U.S.C. § 1960........................................................8, 10, 15

18 U.S.C. § 3161(h)(7)(C) ....................................................22

68045/0001-48715994

18 U.S.C. § 3161(h)(8)(B)(ii) ...............................................................12, 14, 15, 20

18 U.S.C. § 3161(h)(8)(B)(iv) ...........................................................................20, 21

Government's Motion to Exclude Time Under the Speedy Trial Act.......................1

Government's Motion to Exclude Time Under the Speedy Trial Act....................23

Government under the Speedy Trial Act ..................................................................5

Motion ..........................................................................................................*passim*

Specifically, the Speedy Trial Act ........................................................................21

Speedy Trial Act ...........................................................................................*passim*

Speedy Trial Act, 18 U.S.C. §§ 3161-3174 .....................................................1, 11

Speedy Trial Act Section 3161(h)(7)(A) ..............................................................21

## Other Authorities

5th Amendment ........................................................................................................3

Sixth Amendment ...................................................................................................9

Federal Rules of Criminal Procedure Rule 16 ................................................3, 4, 10

Standing Order No. 15-2..................................................................................1, 8, 12

Standing Order No. 15-2. Specifically, Standing Order No. 15-2..........................12

68045/0001-48715994

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and Standing Order No. 15-2, Defendant Christopher Scanlon ("Mr. Scanlon"), by and through his attorney, hereby opposes the Government's Motion to Exclude Time Under the Speedy Trial Act (the "Motion"). The Government's investigation dates back to at least April 20, 2023, when it filed the Complaint in this matter, and likely began even earlier. *See* ECF No. 1. As evidenced in the numerous conditions of release orders, since 2023 the Government's initiated several restrictions on Mr. Scanlon's personal travel (including house arrest) and personal finances. Mr. Scanlon has been waiting to clear his name, and vigorously asserts his right to proceed to trial in this matter within the 70-day time period set forth in the Speedy Trial Act.

The Government decided the timing of this indictment entirely on its own, without any exigent circumstances compelling its action. The Government's current inability to meet its discovery obligations or proceed to trial within the required 70-day period, is inexcusable and does not constitute 'good cause' for excluded time under the Speedy Trial Act. Thus, Mr. Scanlon requests that this Court deny the Government's motion in its entirety and enter a scheduling order substantially similar to the one attached hereto. Further delays in the matter are not justified.

## I.    PRELIMINARY STATEMENT

Excessive, unreasonable, unsupported. These words best describe the Government's Motion. This Court should deny the Motion in its entirety, as it is the only resolution commensurate with the facts, statutes, and expectation of controlling law.

The Complaint, filed on April 20, 2023, sets forth allegations against Mr. Scanlon that are virtually identical to the single-count conspiracy allegation in the indictment. As aforementioned, the results of this complaint impacted both Mr. Scanlon's liberty and finances. More specifically, he was placed under house arrest for a period of 11 months. Despite the incremental changes to the house arrest provision, Mr. Scanlon still is branded with an electronic monitoring bracelet, and has continuous GPS monitoring in addition to travel restrictions. As to his personal family finances, Mr. Scanlon has had accounts blocked entirely, and continues to suffer the consequences of the freeze orders. Since April 18, 2023, Mr. Scanlon has tried to clear his name and defend against the Government's allegations. The Government's "investigation" is progressing at a glacial pace. It has sought multiple continuances and a tolling agreement yet continue to make no effort to advance its investigation Finally, on October 11, 2024, a year and a half after its Complaint was filed, the Government brought the present indictment.

The indictment rehashes the unproven allegations from its 2023 Complaint. It does not appear that the additional 18 months of investigation opportunity generated any new information or allegations, or at least none that the Government has chosen to act upon. Astonishingly, the Government proceeded with the underlying indictment absent any preparation to promptly meet its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, or to provide Brady, Giglio, and Jencks material in a timely manner. These acts hinder Mr. Scanlon's ability to vindicate his right to a speedy trial. In light of the fact that it chose the timing of the indictment, the Government's lack of preparation is inexcusable.

The Government, however, attempts to justify by claiming this single-charge case is "complex." It tries to muddy the waters by referring to a separate indicted case (*United States v. Goettsche, et al* (19-cr-877)) with entirely different charges and defendants. The indictment here is not complex. Any suggestions to the contrary are solely self-serving. It is a garden-variety, single-count conspiracy, which mirrors the same scheme described in the Government's Complaint from April 20, 2023. The Government has had the last 18 months to prepare its discovery and case-in-chief for trial. It now asks the Court to make Mr. Scanlon bear the repercussions of its inexcusable lack of preparation. Mr. Scanlon has a Constitutional right to a speedy trial set forth in the 5th Amendment and enshrined in the Speedy Trial Act. He vigorously asserts that right and asks the Court not to excuse the Government's

3

failure to meet its obligations. This case is not complex and can be trial ready within 70 days of the arraignment date of October 11, 2023, as per the attached Scheduling Order.

The essence of the pending Motion is that the Defense will receive the Government's evidence, including Rule 16 and Brady materials, and a corresponding trial when the Government sees fit and is good and ready. That's the basic takeaway from the Government's Motion. When the Government is ready, it will commence an ill-defined "rolling" production with the substance of remaining materials produced in the future. *See* Gov't's Prop. Order at 4. This, slow proverbial "drip, drip, drip" approach to federal criminal discovery is unsatisfactory to Mr. Scanlon. More importantly at this post-indictment stage, is inconsistent with the clear language and spirit of the criminal discovery and the framework of the Speedy Trial Act.

The Government justifies the requested production delays, by arguing a significant connection between this case, and an ongoing prosecution since 2019. *See* Mot. at 4 (citing *United States v. Goettsche, et al* (19-cr-877)). This is not, in any way, a determinative factor in Mr. Scanlon's right to secure comprehensive evidence against him and importantly, to challenge the pending charge in a timely matter. The Government is stalling in preparing and prosecuting Mr. Scanlon in this

case and is seeking the Court's approval for this delay by using the *Goettsche* case as a pretext.

What Mr. Scanlon requests is not unusual or unreasonable, nor should it be controversial. Mr. Scanlon demands that all evidence be provided in a timely manner, so he can effectively challenge the Government's allegations and secure a trial date within the constraints of the Speedy Trial Act. The Court should hold the Government to this fundamental, universally basic standard of the law.

## II.    FACTS

Over 554 days ago, Mr. Scanlon was removed from an international flight in Miami to the shock, horror, and embarrassment of his family. This arrest occurred unexpectedly, as Mr. Scanlon was in a dialogue with the Government. On or about April 20, 2023, Mr. Scanlon was charged with a *single* count of violations of 18 U.S.C. 1960 (Unlicensed Operation of Money Transmittal Business) [1] as an offshoot to the then pending *Goettsche*[2] matter.

Since then, through at least dozens of meetings, proffers, reverse proffers, white paper submissions, and countless conference calls, Mr. Scanlon has sought to review actual tangible evidence supporting the Government's allegations.

---

[1] The dubious use of 18 U.S.C. § 1960 is left for critical review for another day.
[2] On or about December 2019, the *Goettsche* matter was initiated in the District of New Jersey—a matter the Government relies upon in prolonging the case against Mr. Scanlon. This Court is managing that matter as well.

5

Throughout this 554-day period, the Government has limited, if not restricted, and outright refused to produce full and complete evidence of both its claims and speculative (and often changing) additional arguments.

During the summer of 2024, Mr. Scanlon advised the Government that after 8 continuances, he would refuse further delays. Mr. Scanlon agreed to one short continuance in August 2024 for a *narrow and limited purpose*, but the fundamental message to the Government continues to be Mr. Scanlon wants the matter to proceed forward. The "threat" of an indictment was understood by Defendant in not agreeing to additional continuances. Consequently, on or about October 11, 2024, Mr. Scanlon was indicted by a grand jury sitting in and for the District of New Jersey on that single conspiracy count related to 18 U.S.C. 1960 (b)(1)(B). The indictment recently issued by the grand jury is a near mirror image to the Complaint filed 554 days ago.

In a moment of candor, the Government's filing suggests that it has no actual grasp of all alleged evidence collected against Mr. Scanlon, and thus needs more time to digest the contents. That is a stunning admission, since the Government has clearly thought about and presented to the Grand Jury evidence resulting in an indictment on October 11, 2024, following an earlier complaint filing. It is unjust for the Government to claim it still needs more time to assess all evidence, when (1) an alleged related case has been ongoing for five years (Goettsche), (2) the criminal

6

complaint against Mr. Scanlon sat for 18 months, and (3) the Grand Jury has recently issued a standard indictment. This delay tactic can only go on for so long.

Since the entry of the indictment, Mr. Scanlon's counsel has attempted to confer, in good faith, with Government counsel to arrive at an agreed balanced scheduling order. *See* Standing Order No. 15-2. However, the parties have not been able to agree on any deadlines as the parties view this matter from two different lenses and with two very different objectives. The distilled truth is that the Government fears this matter would negatively impact the viability of its *Goettsche* prosecution if evidence is revealed and witnesses are forced to come out of the shadows. However, the defense opposition is focused solely upon Mr. Scanlon's desire to challenge the current allegations and avoid further delays under what is required by law.

Though Government counsel handled themselves professionally in recent weeks, it is clear they sought, strategically, additional excessive delays in advancing the matter notwithstanding the filing of the indictment on October 11, 2024. Interestingly, the Government appears to resurrect and regurgitate the very same arguments it made in their submission for complex designation against Mr. Goettsche in 2020 as its making here against Mr. Scanlon. However, a review of the *Goettsche* docket reveals an interesting Government admission during 2020:

> While the methods by which Goettsche accomplished his criminal endeavors were sophisticated and intentionally

7

> complicated, at bottom, Goettsche faces criminal liability
> because he and others discussed lying to investors and
> promoted the scheme without registering it with the SEC.
> **These concepts are not complicated.**

See *U.S. v. Goettsche*, ECF 39. In Mr. Scanlon's pending matter, the Government cannot flip flop and argue that both Goettsche and Scanlon's matters are inherently complex when they themselves argued otherwise in previous filings. The complex designation seems to be utilized by the Government, both then and now, out of convenience and habit rather than actual need.

This case is not complex as suggested. Either Mr. Scanlon conspired with other(s) or did not. Because of the nature of the current charge, the Government must prove conspiratorial intent. Beyond simply the intent aspect of the current charge, the Government's attempt to accomplish a square peg in a round §1960 statutory hole is ineffective. Releasing the actual discovery would demonstrate this failure. The Government defaults however in captioning it complex with ominous tones and references to other pending matters when that too fails.

The Government is the only entity that has "complicated" this case by its claimed unreviewed (or unobtained) evidence, delayed theoretical and threatened charges, and now references to barriers to discovery collection by MLATs ("Mutual Legal Assistance Treaties"). All of these "hurdles" to Rule 16 and Brady productions are largely based on the Government's own actions and self-inflicted wounds.

In fact, the Government's own words support the defense argument. In ¶12, the Government alleges that Defendant's charges arose from a nearly three year-long investigation into Defendant and several entities . . ." This is not a case where the alleged criminal activity recently occurred and the Government, rightly perhaps, needs times to assemble, collect, review and associate mountains of evidence. The evidence in this case has existed for years, as admitted by the Government, since 2015 through 2019, and readily available to the Government for review.

The Government wants this Court to ignore the fact that the proposed six-month delay in providing evidence in an indicted case—*U.S. v. Scanlon*, is unjustified, thinly supported, and only benefits further Government investigative activity. There is no balancing of Defendant's right to speedy trial, with accompanied review of evidence but rather empty suggestions that all these delays somehow inure to Mr. Scanlon's benefit. Mr. Scanlon rejects this proposition. The Government's inability to build a clear, evidence-supported case against Mr. Scanlon over the last four years, coupled with their request for an additional six months, suggests a motion filled with excessive, unreasonable, and unsupported arguments, including a request for more excludable time under the Speedy Trial Act.

68045/0001-48715994

## III.  AUTHORITIES

As the Court is aware, this case is governed by the Speedy Trial Act. *See* 18 U.S.C. §§ 3161-3174. The Speedy Trial Act requires, in part, that trial must commence within seventy days from the date a defendant is charged in an information or indictment or appears before a judicial officer—whichever occurs last. *Id.* at § 3161(c)(1). Relatedly, the District's standing orders govern the entry of scheduling orders and discovery in criminal cases. *See* Standing Order No. 15-2. Specifically, Standing Order No. 15-2 states:

> If the parties cannot agree on the details of a proposed scheduling order prior to arraignment, each party shall submit a proposed order along with any justification. After hearing the parties at the arraignment, the Court will enter an appropriate scheduling order.

*Id.* Standing Order No. 15-2 also provides *pro forma* examples for parties to submit to the Court for consideration. *See id.*

## IV.   ARGUMENT

The Government cannot use the Speedy Trial Act as both a sword and a shield. The Government has repeatedly claimed it is ready to proceed, yet now it argues it needs more time. The Government wants this Court to sanction its proposition not only that Mr. Scanlon must sit idly by and wait for the alleged evidence against him to be disclosed, but moreover he must defer to the Government for his basic Constitutional right to challenge every allegation against him at trial.

The Government's Motion fails to articulate any genuine basis to warrant a delay in producing evidence beyond the perfunctory arguments in paragraph 12 of the Motion. In fact, the Government's Motion contains not one cite to a controlling authority that further aids the analysis or supports its position. If the Government had done so, as Defense outlines below, it would be apparent that the Government's request follows the three magic words: "excessive, unreasonable, and unsupported.." This Court should not allow the Government to throttle the release of necessary evidence, and delay scheduling a timely trial for the defendant. This case has been in limbo for years, and now the Government's actions further delay Mr. Scanlon from vindicating his rights. The Government had evidence for 554 days ago warranting a complaint, so how can prosecutors now posit that they need months to disclose the same evidence supporting their carbon-copy indictment?

11

The Government's actions infringe upon Mr. Scanlon's fundamental rights and severely prejudices him. *See Doggett v. United States*, 505 U.S. 647, 654 (1992) (noting "'anxiety and concern of the accused' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence."); *Betterman v. Montana*, 578 U.S. 437, 442 (2016) ("The Speedy Trial Clause implements that presumption by 'prevent[ing] undue and oppressive incarceration prior to trial, . . . minimiz[ing] anxiety and concern accompanying public accusation [,] and . . . limit[ing] the possibilities that long delay will impair the ability of an accused to defend himself.'" (alterations original)); *United States v. MacDonald*, 456 U.S. 1, 8 (1982) ("The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.").

What Mr. Scanlon requests in moving the matter forward is consistent with governing statutes and not unusual or unreasonable. Mr. Scanlon simply desires to exercise his rights under the Speedy Trial Act and Sixth Amendment. Conversely, the Government seeks to delay proceedings with a proposed complex case designation continuance or an ends of justice continuance. Both arguments fail as a matter of law.

**A.    This Matter does not Merit Complex Case Designation Under 18 U.S.C. § 3161(h)(8)(B)(ii).**

Whether a case merits a complex designation is also covered in the Speedy Trial Act. Specifically, the act sets forth the factors for a court to consider when determining whether the case is unusual or complex:

> (ii) Whether the case is so *unusual or so complex*, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(8)(B)(ii) (emphasis added).

Understandably, the 3rd Circuit has recognized or upheld complex designations in a number of matters however those matters are distinguishable from the case at hand. For example, it noted that a case may also be considered complex based on the extent and complexity of pretrial motions. *See United States v. Lattany*, 982 F.2d 866, 881 (3d Cir. 1992) (observing other courts have held that "the extent and complexity of the instant case involving such a large number and breadth of pretrial motions warranted the magistrate . . . to grant an open-ended continuance"); *see also United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) ("Because subsection (ii) refers expressly to 'preparation for pretrial proceedings,' it seems plain that an 'ends of justice' continuance may be granted for the purpose of giving counsel additional time to prepare motions in 'unusual' or 'complex' cases.").

13

The 3rd Circuit has upheld exclusions where the lower court reasoned that a case was too complex to go to trial in 70 days because:

> the indictment charged nine individuals with engaging in a three-year drug conspiracy spanning virtually all levels of production and distribution; the indictment detailed four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy; some defendants had not yet been able to retain counsel, and one attorney who had been retained had felt the need to move for an extension of time within which to file pre-trial motions.

*United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982).

In the District of New Jersey, a defendant was charged with "knowingly and willfully using and carrying a firearm (9mm handgun), during and in relation to a conspiracy to distribute and possess crack cocaine." *United States v. Reddick*, No. CRIM. 09-MJ-2001 JS, 2010 WL 5253527, at *1 (D.N.J. Dec. 17, 2010) (Schneider, Mag. J.). The Court considered the "charges lodged against the defendant, and the fact that defendant potentially faced the death penalty, and after being advised of the procedures and steps the Government must take before it decides whether to pursue the death penalty" granted the Government's complex case motion. *Id.* at *3.

Essentially, complex case designation considers <u>four</u> (4) criteria that can make a case difficult to prepare for: (i) number of defendants, (ii) nature of the prosecution, (iii) questions of fact, and (iv) questions of law. *See* 18 U.S.C. § 3161(h)(8)(B)(ii).

All of these factors, when applied herein, weigh heavily in Mr. Scanlon's favor and against complex case designation. *See id.*

First, the case at hand is distinguishable from cases where complex designation was applied because this matter involves only a single defendant—Mr. Scanlon. *See Brooks*, 697 F.2d at 522. Despite being charged with conspiracy, after 1 year, 5 months, and 21 days, the Government has not named any co-defendants. Because there is only one named defendant, the case at hand is distinguishable from cases like *Brooks* where the court considered the fact there were nine individuals named in the indictment. *See* 697 F.2d at 522. A single defendant does not cause a case to become complex or unusual under the Speedy Trial Act's criteria and the Government has failed to point to any authorities indicating otherwise. *See* 18 U.S.C. § 3161(h)(8)(B)(ii). Therefore, this factor weighs against designation of the matter as complex.

Second, the nature of the prosecution is not complicated—Mr. Scanlon is charged with a singular count of conspiracy related to operating an Unlicensed Money Transmittal Business (18 U.S.C. 1960 (b)(1)(B). *See id.* Putting aside for the moment the fundamental fact that the business Mr. Scanlon "operated" was fully licensed and highly regulated by the United Kingdom's Financial Conduct Authority ("FCA"), the Government grossly abuses the purpose of 18 U.S.C. § 1960 and overlooks the plain language of the statute. As is evident, this is not a violent or

15

drug-related offense complicating the matter further. *See Brooks*, 697 F.2d at 522; *Reddick*, 2010 WL 5253527, at *1. The prosecution is straight forward, unlike the *Brooks* matter, where there were "four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy." *See* 697 F.2d at 522. Because this conspiracy matter is clear, with defined timeframe and party (i.e., co-conspirator one) involved, this factor also weighs against complex designation of the case.

Third, any questions of fact or law should be firmly established on the Government's side by now. It has been 1 year, 5 months, and 21 days since the Government filed its complaint against Mr. Scanlon, a factor the Government wants this Court to consider. *See* Mot. at 1. It has been 4 years, 10 months, and 1 day since the indictments were filed in the *Goettsche* matter, another factor the Government wants this Court to consider. *See* Mot. at 4. At what point is a defendant permitted to ask, how much time is enough? The Government's Motion tries to under sell this fact by claiming the investigation has lasted just under 3 years. *See* Mot. at 4 ("First, Defendant's charges arose from a nearly three-year-long investigation into Defendant and several entities – including foreign entities – that he controlled and operated."). The Government seems to believe that unlimited time should be the norm, expecting Courts to defer to its delay requests without Constitutional oversight or restraint. After time, even the freshest fish will become rancid and putrid.

16

Regardless of the specific date of initiation, the Government admits it has spent *years* on this case, but it needs more time because it still has not reviewed "hundreds of thousands of documents" it *expects* will be involved in this matter. *See id*. At this late date, the Government does not even know what documents it intends to use at trial but argues Mr. Scanlon should simply swallow the consequences of its lack of diligence or dedicating the resources to do so. Is Mr. Scanlon's right to timely review evidence against him, tied to the Government's workload and self-serving timeframe? The clear answer as supported by precedent should be no, and this Court must exercise its authority to say so. Mr. Scanlon has been diligently preparing for trial since the Complaint was filed and further delays will further prejudice his right to a Speedy trial under the newly filed Indictment.

Unlike *Brooks* or *Reddick*, where the defendants were charged with possession and distribution of drugs or using and carrying a firearm, Mr. Scanlon is charged with a financial conspiracy crime with no actual, identifiable victim to whom restitution is owed. *See Brooks*, 697 F.2d at 522; *Reddick*, 2010 WL 5253527, at *1. Further, this is not a death penalty case, where the Government must evaluate and determine if such drastic results are appropriate. *See Reddick*, 2010 WL 5253527, at *1. As there are no, or should be, no questions of fact or law, these two factors also weigh against complex designation.

17

The Government's reference to potential motions, whether brought by the Government or Defense, is a red herring. First, the Government is in no position to surmise what the Defense will be doing in the matter. It is a self-serving argument to opine as to the Defense strategy and use it to argue for more time. Two, motions often arise in criminal prosecutions, but many of those are driven by evidentiary concerns and an assessment of the Government disclosures and potential witnesses. Here, the Government pushes the Court to essentially stop the proceeding in anticipation of motion practice, but that is putting the cart before the horse, as the disclosure may drive the filing of the motions (or not) and without timely disclosures, finalizing a defense strategy is premature. Finally, the Defense is aware of the impact of the filing of a motion on the Speedy Trial Act requirements. This is a decision exclusively within Mr. Scanlon's purview, and not for the Government to raise on Mr. Scanlon's behalf (in their own interest).

Although, not an expressed factor in the statute, the 3rd Circuit observed courts considering the extent and complexity of motion practice as a reason for designating a case complex. *See Lattany*, 982 F.2d 866, 881 (3d Cir. 1992). The Government appears to argue in this vein when it raises the issue of anticipated MLAT subpoenas. *See* Mot. at 5. First, the Government argues that Defendant is going to file "motions requesting that the Government proceed with an MLAT to obtain access to the materials on the cellphone." *Id.* Then the Government argues that it will seek its own

MLAT. *Id.* ("Moreover, the Government also anticipates filing a second MLAT requesting certain financial records from a foreign entity."). However, Government's point backfires because Mr. Scanlon's counsel made this representation to the Government pre-indictment. As Mr. Scanlon has been indicted, the calculus has significantly changed. Second, the Government's anticipated MLAT is duplicative because it seeks financials that were *already produced in response to a subpoena in 2020*.

As noted above, the Government arguments, *in loco parentis* of the Defense essentially should be discounted. Lest we also forget that four and half years has passed since the Government began investigating Mr. Scanlon, one would assume that Government's efforts to secure evidence in this matter, including seeking MLATs, would have been initiated some time ago. This is a simple conclusion, given the fact that when he was first arrested, they took several items off his person, including personal laptop and mobile devices. The potential lack of any Government effort to secure evidence notwithstanding the length of its investigation should not be held against Mr. Scanlon in asking this Court to force the Government to comply with basic obligations under Speedy Trial Act.

Another argument related to motion practice that falls flat is the claim that Mr. Scanlon's "cellphone is currently subject to a filter review and may also contain numerous documents that neither party has review nor can review until after a filter

agreement is negotiated and the filter review of the cellphone is completed." *Id.* at 4. This argument is disingenuous because the cellphone(s) in question were seized through a search warrant in April 2023. Yet, the Government *admits* it waited until August 2024 to "ask[] Defendant for filter terms, which are necessary to finalize the filter agreement." *Id.* at 2. Had the Government diligently prosecuted its case, the filter terms could have been finalized *months ago*. Mr. Scanlon has been represented by able private counsel since the origins of this investigation and engagement with the Government prosecution team has remained constant and active. Moreover, the Defense requested of the Government on multiple occasions to provide Mr. Scanlon with a copy of the search warrant and underlying basis for the same, which has never been provided. Contrary to the Government's assertions, Mr. Scanlon is in no position to file numerous or complex pretrial motion practice until further evidence is provided. *See Lattany*, 982 F.2d at 881. As a result, this factor also weighs against the case being designated as complex.

Because there is a singular defendant, the case rests on the prosecution of a singular count, conspiracy is not a novel question of fact or law, and Mr. Scanlon does not anticipate as of this filing extensive or complex motion practice, all the complex case designation factors weigh against such a designation. *See* 18 U.S.C. § 3161(h)(8)(B)(ii). As a result, the Court should deny the Government's Motion and refrain from designating this matter as a complex case.

68045/0001-48715994

**B.      This Matter does not Merit an "Ends of Justice" Continuance Under 18 U.S.C. § 3161(h)(8)(B)(iv).**

As the Government tacitly admits in its Motion, this matter is *not* complex or unusual. *See* Mot. at 5 ("The Speedy Trial Act *also* specifically acknowledges that even when a case is 'not so unusual or complex,' in considering whether to grant a continuance, the 'reasonable time necessary for effective preparation, taking into account the exercise of due diligence' may be a factor considered by the court." (emphasis added)). Because it knows its showing is weak, at best, the Government also seeks an "ends of justice" continuance. *See id.*

"Ends of justice" continuances are described in Section 3161(h)(7)(A) of the Speedy Trial Act. "Sections 3161(h)(8)(B)(i)–(iv) list certain factors that a district judge must consider when deciding whether to grant an "ends of justice" continuance." *United States v. Brenna*, 878 F.2d 117, 120 (3d Cir. 1989). Specifically, the Speedy Trial Act states, and the Government partially quotes:

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv). Reasons that are not permissible for an ends of justice continuance include, "general congestion of the court's calendar, or *lack of*

*diligent preparation* or failure to obtain available witnesses *on the part of the attorney for the Government*." *United States v. Brenna*, 878 F.2d 117, 120 (3d Cir. 1989) (quoting 18 U.S.C. § 3161(h)(7)(C)) (emphasis added).

As previously noted herein, the Government's Motion concedes that it is not prepared to proceed and unfairly attempts to shift that burden on to Mr. Scanlon. The Government decides the timing on when to file its complaints and when to indict. As it admits in its own Motion, the Government has had *years* to review documents, issue MLAT subpoenas, and obtain information stored on a cellphone(s). The Speedy Trial Act is clear: "No continuance . . . shall be granted because of . . . *lack of diligent preparation* . . . on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). It seems that is exactly what has happened here. As a result, to the extent the Government seeks an "ends of justice continuance, its Motion must be denied. *See id.*

**C.    Scanlon's Proposed Order Should be Entered Because Complies with the Court's Standing Order and Speedy Trial Act Requirements.**

This Court should enter a scheduling order substantially similar to Scanlon's proposed order because it maintains a timeline that falls within the constraints of the Speedy Trial Act. *See id.* Because Scanlon appeared before the Court on October 24, 2024, for arraignment, the seventy-day period begins on this day and ends on January 2, 2025. *See id.* The Government's proposed scheduling order would not

even have discovery "substantially completed" until April 24, 2025. Gov't's Proposed Order at 3. This timeframe is excessive and unwarranted.

Mr. Scanlon believes this conspiracy case to be straight forward with accompanying legal standard known. He has already complied with subpoenas issued by the Government beginning in 2019 and continuing through 2022, but Government evidence in this prosecution remains unclear and ill-defined. The Defense also does not foresee a plea in the matter; thus, no additional time will be required by Mr. Scanlon and the Government to negotiate a plea as suggested by the filing.

Lastly, on more than one occasion, the Government has represented to Mr. Scanlon that it has already "prepared" the discovery and is ready to "go forward" with its case against him. If that was true, why further delay in producing it? Because the Government represented itself as ready to proceed, and Mr. Scanlon is ready and prepared to immediately defend himself, Mr. Scanlon's proposed scheduling order should be entered by the Court forthwith. The Government's Motion runs counter to the Speedy Trial Act and Mr. Scanlon's rights to confront the evidence against him and proceed to trial in a statutorily timely manner.

68045/0001-48715994

## V.    CONCLUSION

For these reasons and the reasons stated herein, Christopher Scanlon respectfully requests that this Court deny the Government's Motion to Exclude Time Under the Speedy Trial Act and enter a scheduling order substantially similar to the one attached hereto and for any and all other relief, both in equity and law, that he may justly show himself entitled.

*/s/ Michael Weinstein*
Michael Weinstein
Email: mweinstein@coleschotz.com
Telephone: (201) 525-6321
Megan Kilzy
Email: mkilzy@coleschotz.com
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, New Jersey 07602

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that the parties met and conferred on Wednesday, October 23, 2024, and discussed the substance of this pleading. The Government is opposed to the relief sought herein.

*/s/ Michael Weinstein*
Michael Weinstein

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this pleading was electronically filed with the Clerk of the Court on October 22, 2024, via the Court's CM/ECF system.

*/s/ Michael Weinstein*
Michael Weinstein

25

68045/0001-48715994