

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Megan Linares and Aaron Webman*          *970 Broad Street, 7th floor*
*Assistant United States Attorneys*          *Newark, New Jersey 07102*     *Direct dial: (973) 645-2700*

November 25, 2024

***Via Email***

Honorable Claire C. Cecchi
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **Re:**   **United States v. Christopher Scanlon**
              **Crim. No. 24-682**

Dear Judge Cecchi:

On October 25, 2024, the day after the Defendant's initial appearance on this indictment, the Government filed a motion to exclude time under the Speedy Trial Act. ECF. No. 49 (the "Motion"). The Government now submits this letter in response to Defendant's October 28, 2024 brief in opposition to the Motion, ECF. No. 50 ("Defendant's Opposition"), the Defendant's November 11, 2024 letter to the Court requesting a ruling on the motion, ECF. No. 52, and the Defendant's November 22, 2024 requesting a ruling on the motion, ECF No. 53, and to provide the Court with clarity regarding the history of this matter.

As the Court is aware, on April 20, 2023, the Government charged the Defendant by criminal complaint for conspiracy to control and own an unlicensed money transmitting business. ECF. No. 1. Since that date, the Government and Defendant's counsel (both current and former) have met and conferred on numerous occasions and exchanged substantial correspondence regarding a potential resolution of this matter, including a 74-page submission made by Defendant's former counsel to the Government on January 19, 2024 and a follow-up letter on April 11, 2024. In fact, these meetings continued until as recently as August 28, 2024, when the

Hon. Claire C. Cecchi, U.S.D.J.
November 25, 2024
Page 2

Government, including the Chief of the Criminal Division, granted Defendant's current counsel's request for a meeting to again discuss a potential resolution.

It was not until after this meeting and subsequent phone calls in September, that it became apparent that the parties could not reach an agreement. At that point, the Defendant refused to sign any additional continuances and the Government moved quickly to charge the Defendant by Indictment before the 30-day pre-indictment speedy trial clock was set to run.

Throughout the Defendant's Opposition, he charges the Government with employing delay tactics and blames the Government for the time that has passed since his arrest. However, until three months ago, the parties were engaged in serious plea negotiations, at Defendant's urging. Indeed, until September, the Government was expecting a negotiated resolution to this matter. The Defendant, as is his right, has ended those negotiations. The Government, having indicted the case, is in the process of preparing to provide the Defendant with discovery, as it is required to do under Federal Rule of Criminal Procedure 16.

For these reasons, the Court should, for the reasons set forth in the Government's October 25, 2024 motion, (1) designate this matter as a complex case pursuant to 18 U.S.C. § 3161 (h)(7); (2) grant the Government's motion to exclude time under the Speedy Trial Act; and (3) allow the case to proceed in an orderly fashion.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney


By: _s/ Aaron L. Webman_
MEGAN LINARES
AARON L .WEBMAN
Assistant United States Attorneys

cc:     Michael S. Weinstein, Esq.
        Megan Kilzy, Esq.